# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

### JANUARY TERM, 1854.

———◆———

PIERRE CHOUTEAU ET. AL. Appellees *vs.* EDMUND RICE, Appellant.

#### AN APPEAL FROM AN ORDER SETTING ASIDE A JUDGMENT.

———

PIERRE CHOUTEAU ET. AL. Appellees, *vs.* EDMUND RICE, Appellant.

#### APPEAL FROM AN ORDER SETTING ASIDE REPORT OF REFEREES.

———

Section 11, page 414, Revised Statutes of Minnesota, 1849, does not authorize an Appeal to this Court, from an order made by the Court below, setting aside a Judgment, or the Report of Referees, and awarding a new trial.

The Statute clearly denies 'an Appeal from any Judgment or order which, in effect, retains the cause for further hearing in the Court below.

AMES & VAN ETTEN and WILKINSON, BABCOCK & BRISBIN, for Appellees.

G. L. BECKER and H. F. MASTERSON, for Appellant.

The facts appear from the opinion.

*By the Court.*—SHERBURNE, J.   This action was originally brought before a Justice of the Peace, to recover the sum of one hundred dollars alleged to be due to the plaintiffs on account of sales of goods and merchandise.   It was taken to the District Court by appeal, and by a rule of that Court was referred to Referees.   A hearing of the parties was had by the Referees, and a report subsequently made by them to the District Court in favor of the defendant.   Judgment was rendered on this report by the Referees, and afterwards, upon application of the plaintiffs, the judgment and also the report of the Referees, was set aside, and the case again referred to the Referees for a new trial.

From these two orders, one setting aside the judgment and the other setting aside the report of the Referees, the defendant appeals to this Court.

A preliminary question is interposed by the plaintiffs, as to whether these orders are appealable ; and this is the first question to be considered by the Court: for, if an appeal does not lie, it will be unnecessary to examine the objections made to the orders.   Appeals are regulated entirely by statute provisions, and unless statute authority can be found to sustain these appeals they must be dismissed for want of jurisdiction.   Section 11, on page 414, of the Revised Statutes of this Territory authorizes Appeals in the following cases :

1. " In a judgment in an action commenced in the District " Court, or brought there from another Court ; and upon the " Appeal from that judgment, to review any intermediate or- " der involving the merits and necessarily affecting the judg- " ment.

2. " In an order affecting a substantial right, made in such " action, when such order in effect determined the action, and " presents [prevents] a judgment from which an Appeal might " be taken.

3. " In a final order affecting a substantial right, made in a " special proceeding ; or upon a summary application in an ac- " tion after judgment. "

The leading idea to be gathered from these subdivisions of

Pierre Chouteau, et. al. v. Edmund Rice.

Section 11 is, that an Appeal shall be allowed only in a judgment or order which is final in its character and which affects a substantial right.   In other words, that an order affecting a substantial right, which finally disposes of that right in the Court below, is the subject of Appeal; but that an Appeal does not lie from an order or judgment which merely authorizes a rehearing of the questions at issue, or a new trial, from a judgment on which an Appeal may still be taken.   The intention of the law appears to be, that while the Court below is holding a question or cause for trial or examination, it can not be brought into this Court by Appeal, to correct any supposed errors of that Court; but, when the cause or question has been finally disposed of by judgment or order, then the party aggrieved may claim a rehearing in this Court.

But the orders complained of in this cause are not final in their character.   The defendant is still in the District Court, and may there be heard.   The orders did not "in effect determine the action;" and the statute provisions quoted above do not embrace an order granting a new trtal.

I am strengthened in this opinion, as well by a reference to the New-York code of procedure as to the adjudicatures which have been had under it.   The three subdivisions which I have copied from Section 11 of our Statutes, are a literal transcript of the code of New-York, as it stood in 1850.   In 1851 the Legislature of that State amended these provisions by adding a right of Appeal in "an order granting a new trial." If the right existed by virtue of the law as it stood before the amendment, and which was in the same language of our present law, the Legislature was mistaken in its construction of it, and the amendment was mere surplusage.   The fact, however, shows the view which was taken of the original law by that body, and is not, as it seems to me, an authority wholly worthless.   But this amendment was an innovation upon the common-law practice, giving discretionary power to inferior Courts; and that State having witnessed its operation for the term of one year, the Legislature of 1852 repealed the clause giving the right of Appeal from "an order granting a new trial," leaving the law as it stood when ours was copied from it.   If the right of Appeal exists under our law from or-

ders granting new trials, then this action of the Legislature of New-York—both the amendment and the repeal of it—were simply nugatory. The opinions of the Courts of that State were in harmony with that of the Legislature, and when taken together would seem to be conclusive authority upon the construction of a statute, even if the language admitted of doubt, which it does not, in my opinion, in this instance.

The particular provision upon which the defendant must rely to sustain the Appeal is Subdivision 3, before cited. This provision has received repeated adjudications in New-York, as already stated, and it may be considered as well settled by the Courts of that State that it does not apply to an order vacating a judgment and granting a new trial. In *Sherman and Batcheldor vs. Felt et. al.* 3 *How. Pr. Rep.* 425, which is a case in principle like the one under consideration, the Court say: "The right of Appeal given by the 11th Section of the code "from a final order made upon a summary application after "judgment, extends only in cases where the application is "based upon, or concedes, the validity of the judgment; and "not to cases where the application is, to vacate or set aside "the judgment. When the motion is to set aside either for "illegality or as a matter of favor, no Appeal to this Court will "lie, whatever may be the question. It is a mere question of "practice, and it has long been settled that there can be no re- "view in an Appellate Court in such cases."

See, also, to the same effect, 3 *Code N.* 164, *Nancy Harris,* (*by her next friend*) *vs. Ralph Clark, et. al.* 4 *How. Pr. R.* 78. *Anonymous ib.* 80.

An order setting aside a decree of Divorce, taken as confessed, and allowing alimony, is not an appealable order to the Courts of Appeal. 4 *How. R.* 139. See also *Duane vs. N. R. R. Co. Ib.* 364.

The granting or refusing new trials at common law, is matter of discretion, and not subject to exception or Appeal. The books are uniform upon this subject, or as nearly so as upon any subject where it is possible for a difference of opinion to exist. *Cutler vs. Grover,* 15 *M. R.* 159. *Walker vs. Sanborn,* 8 *M. R.* 288. *Carter vs. Thompson,* 15 *M. R.* 464. *Gray vs. Bridge,* 11 *Pick.* 189. *Ex parte Caykendoll,* 6 *Cowens,* 392.

In the latter case, the Court say that the granting or refusing a new trial is "so much a matter of discretion, that we will "not interfere by mandamus. The granting or refusing a new "trial is governed by no fixed principles. No positive rule of "law has been violated by the Court below, nor can we fix "bounds to their discretion upon this subject."

See also a well-considered opinion by the Supreme Court of this Territory [COOPER, J.], in the case of *Pierre Chouteau, Jr. et. al. vs. Henry M. Rice, et. al.* [See p. 24 of this volume.]

It is true that Courts have often looked into the reasons on account of which new trials have been granted, and made a distinction between those which were strictly within the discretion of the Court and those which involved questions of law, but the Statute of this Territory clearly contemplates no such distinction, and must be considered as refusing an Appeal from any judgment or order which in effect retains the cause for further hearing.

On the whole, we are satisfied that Appeals do not lie from the orders complained of in this case, and they must therefore be dismissed.

Appeals dismissed.